NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent, for several of the panel majority’s rulings are contrary to the legislative purpose of the Leahy-Smith America Invents Act, Pub.L. No. 112-29, 125 Stat. 284 (2011) (effective September 16, 2012).
*1287 The America Invents Act established a new Inter Partes Review system for the purpose of “providing quick and cost effective alternatives to litigation.” H.R.Rep. No. 112-98, pt. 1, at 48 (2011), 2011 U.S.C.C.A.N. 67, 78. This purpose was achieved by providing a new adjudicatory proceeding in the administrative agency, the Patent and Trademark Office in the Department of Commerce, whereby a newly formed Patent Trial and Appeal Board (PTAB) serves as a surrogate for district court litigation of patent validity. The goal is improved service to technology-based innovation, and thus to the nation. The panel majority thwarts the statutory plan in several ways.
First, the panel majority holds that the PTAB, in conducting its adversarial proceedings, need not and should not apply the same legal and evidentiary standards as would apply in the district court. Instead, the panel majority authorizes and requires treating the claims of an issued patent in the same way as pending claims in the patent application stage, where claims are subject to the “broadest reasonable interpretation” examination protocol. The panel majority thus precludes achieving review of patent validity in Inter Partes Review comparable to that of the district courts, where validity is determined based on the correct claim construction, not an artificially “broadest” construction.
This court has approved the use of “broadest reasonable interpretation” as an expedient in examination and reexamination, but our approval was based on the unfettered opportunity to amend in those proceedings. That opportunity is not present in Inter Partes Review; amendment of claims requires permission, and since the inception of Inter Partes Review, motions to amend have been granted in only two cases, although many have been requested.[1]
The purpose of Inter Partes Review is to “convert” inter partes reexamination “from an examinational proceeding to an adjudicative proceeding.” H.R.Rep. No. 112-98, pt.l, at 46, 2011 U.S.C.C.A.N. 67, 77. See also 157 Cong. Rec. S1111 (Mar. 2, 2011) (statement of Sen. Leahy) (the purpose is to. “decrease[ ] the likelihood of expensive litigation because it creates a less costly, in-house administrative alternative to review patent validity claims”). By refusing to apply to Inter Partes Review the procedural and substantive law of the district courts, the panel majority defeats the legislative purpose, for the PTO tribunal cannot serve as a surrogate for district court litigation if the PTAB does not apply the same law to the same evidence.
Second, and as a further departure from the legislative plan, the panel majority holds that the “final and nonappealable” statutory provision relating to whether to institute Inter Partes Review means that “ § 314(d) ... must be read to bar review of all institution decisions, even after the Board issues a final decision.” Maj. op. at 1289. Does this mean that such decisions can never be judicially reviewed, even if contrary to law, even if material to the final appealed judgment? This ruling appears to impede full judicial review of the PTAB’s final decision, further negating the purpose of the America Invents Act to achieve correct adjudication of patent va *1288 lidity through Inter Partes Review in the administrative agency.
Several other aspects of the America Invents Act are incorrectly or confusingly treated. For example, as Cuozzo points out, here the PTAB decision relies on arguments and evidence that had not been raised in the petition to institute, although the statute requires that all arguments and evidence must be presented in the petition. The panel majority holds that “[t]he fact that the petition was defective is irrelevant because a proper petition could have been drafted.” Maj. op. at 1290. Such broad and conflicting departure from the statutory provisions cannot have been intended.
Inter Partes Review is intended as a far-reaching and powerful surrogate for district court validity determinations. The plan is that an adversarial proceeding in the PTO'will resolve most issues of patent validity, without the disruption and expense and delay of district court litigation. I write in dissent because the court today moves Inter Partes Review in directions contrary to the language and intent of the America Invents Act, thereby impeding its purpose to serve as a surrogate for district court litigation.
I
Inter Partes Review as surrogate for district court litigation
The goal of Inter Partes Review is to rehabilitate the innovation incentive, by reinforcing valid patents and eliminating invalid patents through an expeditious and cost-effective alternative to litigation, on whose results the innovation community can rely. To this end, the new Inter Partes Review proceedings provide for discovery, expert testimony, depositions, subpoenas, briefs, and oral argument by adversaries. See Abbott Labs. v. Cordis Corp., 710 F.3d 1318, 1326 (Fed.Cir.2013) (the America Invents Act created an adversarial proceeding as in the district courts, where all appropriate evidence can be adduced).
Inter Partes Review is limited to patent validity, for validity is a central issue in patent litigation, and often is dispositive of the entire litigation. To serve as a reliable substitute for district court validity determination, the legislation was designed to achieve the same correct decision as would be obtained in a district court on the same evidence and the same law. However, this court holds that PTAB adjudication need not conform to. the law and consider the same evidence as in the courts. Instead, the panel majority authorizes the PTAB to employ the expedients and shortcuts that were developed for the give-and-take of examination and reexamination, instead of determining validity as a matter of fact and law, as required in the courts.
Although the PTAB is authorized to apply trial and evidentiary procedures, my colleagues hold that the PTAB need not apply the same rules of law and evidence as in the district courts. It is critical to the success of Inter Partes Review that it serve its purpose as a district court surrogate, yet it is not disputed that the “broadest reasonable interpretation” of claims and technology can differ from the ultimately correct decision on the standards of Phillips v. AWH Corp., 415 F.3d 1303 (Fed.Cir.2005) (en banc). This built-in discrepancy defeats the legislative purpose of substituting administrative adjudication for district court adjudication, for a PTAB decision based on this artificial “broadest” standard cannot substitute for litigation directed to the correct result.
A
My colleagues argue that Inter Partes Review is simply - a reexamination of the patent, and thus should be conducted on the same broadest reasonable interpretation as for reexamination. This argument *1289 is negated by the heavy legislative emphasis on differences from reexamination as achieved by these new procedures.
The House Report states that the America Invents Act “converts” Inter Partes Reexamination “from an examinational proceeding to an adjudicative proceeding.” H.R.Rep. No. 112-98, pt. 1, at 46 (2011), 2011 U.S.C.C.A.N. 67, 77; see also id. at 75 (describing post-grant review and Inter Partes Review as “adjudicative systems”). The Report further explains:
Unlike reexamination proceedings, which provide only a limited basis on which to consider whether a patent should have issued, the post-grant review proceeding permits a challenge on any ground related to invalidity under section 282. The intent of the post-grant review process is to enable early challenges to patents.... The Committee believes that this new, early-stage process for challenging patent validity ... will make the patent system more efficient and improve the quality of patents and the patent system.
Id. at 46. It is undisputed that Congress intended that Inter Partes Review would differ from examination or reexamination, and that these new proceedings would be adjudicative, like the validity proceedings in the district courts. In the PTAB’s words, “[a]n inter partes review is neither a patent examination nor a patent reexamination,” but is “a trial, adjudicatory in nature [which] constitutes litigation.” Google Inc. v. Jongerius Panoramic Techs., LLC, IPR2013-00191, Paper No. 50, at 4 (PTAB Feb. 13, 2014).
To implement the intent of the America Invents Act, the administrative judges of the PTAB must apply the same procedural and substantive law as the district courts. By adopting the examination protocol of broadest reasonable interpretation, the PTO and the panel majority negate the legislative purpose, for the PTAB tribunals cannot serve as a surrogate for district court litigation if the PTAB does not apply the same law to the same evidence. Instead, Inter Partes Review will merely become another mechanism for delay, harassment, and expenditure, despite the Congressional warning:
While this amendment is intended to remove current disincentives to current administrative processes, the changes made by it are not to be used as tools for harassment or a means to prevent market entry through repeated litigation and administrative attacks on the validity of a patent. Doing so would frustrate the purpose of the section as providing quick and cost effective alternatives to litigation.
H.R.Rep. No. 112-98, pt. 1, at 48 (2011), 2011 U.S.C.C.A.N. 67, 78.
The broadest reasonable interpretation standard is not a rule of law, but a pragmatic protocol applied in patentability examination and reexamination. See In re Yamamoto, 740 F.2d 1569, 1571 (Fed.Cir.1984) (giving claims their broadest reasonable interpretation “serves the public interest by reducing the possibility that claims, finally allowed, will be given broader scope than is justified”); see also, e.g., In re Hyatt, 211 F.3d 1367, 1372 (Fed.Cir.2000); In re Zletz, 893 F.2d 319, 322 (Fed. Cir.1989). The broadest reasonable interpretation is an examination expedient, not a canon of construction. It serves not to state the correct meaning of the claim, but to provide a framework for clarification and amendment.
Contrary to the panel majority’s theory, the differences between reexamination and the new post-grant proceedings are very relevant to Inter Partes Review. The standard for adjudication of validity is set forth in Phillips v. AWH Corp., where claims are given their correct construction as understood by a person of ordinary skill *1290 in the field of the invention. Adoption of a broadest interpretation renders the PTAB rulings legally unreliable, leaving the parties to district court proceedings, whatever the decision of the PTAB. That was not the legislative plan.
B
The panel majority holds that it is irrelevant that the America Invents Act does not mention a “broadest reasonable interpretation” standard, stating that endorsement of this approach is “implicit” in the legislative silence. Maj. op. at 1281. To the contrary, the language of the America Invents Act demonstrates that Congress did not intend that the PTAB tribunals would construe claims differently from the district courts.
While the reexamination, interference, and reissue statutes and regulations refer to the “patentability” of a claim, 35 U.S.C. §§ 305; 135; 37 C.F.R. § 1.97, the term “validity” is used throughout the Inter Partes Review statute. 35 U.S.C. § 316. The distinction is carefully made in the statute, for “validity” is the province of adjudication, while “patentability” applies to examination. See In re Donaldson Co., Inc., 16 F.3d 1189, 1193 (Fed.Cir.1994) (referring to “a patentability determination in the PTO or ... a validity or infringement determination in a court”). This distinction is significant.
The America Invents Act refers to the “proper meaning of a patent claim,” see 35 U.S.C. § 301(d) (referring to “the proper meaning of a patent claim in a proceeding that is ordered or instituted pursuant to section 304, 314, or 324”). The “proper meaning of a patent claim” is the correct meaning. Correctness is the province of the courts, and correctness is the purpose of Inter Partes Review.
C
The panel majority further argues that the Federal Circuit has “approved” the “broadest reasonable interpretation” standard in “a variety of [PTO] proceedings.” Maj. op. at 1279-80. Indeed we have, explaining in In re Yamamoto that the expedient of broad interpretation during examination and reexamination is based on the ready ability to amend claims, the Yama-moto court stressing this difference from judicial proceedings:
An applicant’s ability to amend his claims to avoid cited prior art distinguishes proceedings before the PTO from proceedings in federal district courts on issued patents. Wlien an application is pending in the PTO, the applicant has the ability to correct errors in claim language' and adjust the scope of claim protection as needed. This opportunity is not available in an infringement action in district court.
740 F.2d at 1572.
In routine examination and reexamination, the amendment of a claim is a fluid, back-and-forth process between an examiner and the applicant, who may present proposed amendments and new claims. Reexamination is “conducted according to the procedures established for initial examination under the provisions of Sections 132 and 133.” 35 U.S.C. § 305. The focus of reexamination proceedings “returns essentially to that present in an initial examination.” In re Etter, 756 F.2d 852, 857 (Fed.Cir.1985). It is significant, that when claims in reexamination are not eligible for amendment, as when a patent has expired, the PTO instructs examiners not to use the broadest reasonable interpretation. MPEP § 2258 G states:
In a reexamination proceeding involving claims of an expired patent, claim construction pursuant to the principle set forth by the court in Phillips v. AWH *1291 Corp., 415 F.3d 1303, 1316 (Fed.Cir.2005) (words of a claim “are generally given their ordinary and customary meaning” as understood by a person of ordinary skill in the art in question at the time of the invention) should be applied since the expired claims are not subject to amendment.
The panel majority is incorrect in stating that Inter Partes Review proceedings are “not materially different” from pre-AIA proceedings with respect to the opportunity to amend. Maj. op. at 1280.
It is reported that the ability to amend claims in Inter Partes Review proceedings, as administered by the PTO, is almost entirely illusory. Amendment requires permission, 37 C.F.R. § 42.20(b), and to date motions to amend have been granted in only two cases, see supra note 1. Patent owners are limited to “one motion to amend,” and are presumptively limited to substituting one issued claim for one amended claim. 37 C.F.R. § 42.221(a)(3). Additional motions to amend' are allowed only “to materially advance the settlement of a proceeding” or “as permitted by regulations prescribed by the Director.” 35 U.S.C. § 316(d)(2).
It is beyond debate that Inter Partes Review does not allow the kind of iterative amendment process that initially justified adoption of a “broadest reasonable interpretation” protocol in examination and reexamination.
D
The panel majority states that the PTO is acting within its rulemaking authority. The Supreme Court has stated that “although an agency’s interpretation of the statute under which it operates is entitled to some deference, ‘this deference is constrained by our obligation to honor the clear meaning of a statute, as revealed by its language, purpose, and history.’” Se. Cmty. Coll. v. Davis, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980, (1979) (quoting Teamsters v. Daniel, 439 U.S. 551, 566 n. 20, 99 S.Ct, 790, 58 L.Ed.2d 808 (1979)); see also Muwwakkil v. Office of Pers. Mgmt., 18 F.3d 921, 925 (Fed.Cir.1994) (“When an agency’s interpretation of a statute it is entrusted to administer is' contrary to the intent of Congress, as divined from the statute and its legislative history, we owe it no deference.”).
In promulgating 37 C.F.R. § 42.300(b), the PTO departed from the purpose of the America Invents Act to create a reliable substitute for district court litigation. The invocation of the “broadest” construction rather than the correct construction is inconsistent with the language, purpose and history of the America Invents Act. Regulations must implement the statute they seek to serve, not defeat it. See Ernst & Ernst v. Hochfelder, 425 U.S. 185, 213-14, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (“The rulemaking power granted to an administrative agency charged with the administration of a federal statute is not the power to make law. Rather, it is the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.”). Pending potential legislative action, it is our obligation to interpret the statute in accordance with its legislative purpose.[2]
*1292 In sum, the procedure whereby claims are given their broadest reasonable interpretation instead of their correct construction defeats the purpose of Inter Partes Review as a surrogate for district court litigation.
II
The nonappealable decision to institute Inter Partes Review
The America Invents Act states that the PTO’s decision whether to institute Inter Partes Review is “final and nonap-pealable.” 35 U.S.C. § 314(d). The panel majority holds that this means that rulings in connection with the institution of Inter Partes Review, whether review is granted or denied, cannot be appealed to any court, either by interlocutory appeal or on appeal of final judgment. That is not what the statute states, or requires.
The panel majority “conclude[s] that § 314(d) prohibits review of the decision to institute IPR even after a final decision. On its face, the provision is not directed to precluding review only before a final decision. It is written to exclude all review of the decision whether to institute review.” Maj. op. at 1276. On this conclusion, the panel majority holds that we are barred by § 314(d) from reviewing compliance with the statutory limits of Inter Partes Review.
The majority acknowledges that situations may arise “where the PTO has clearly and indisputably exceeded its authority,” and suggests that possibly “mandamus may be available to challenge the PTO’s decision to grant a petition to institute IPR after the Board’s final decision.” Maj. op. at 1290. This hint is disputed by the PTO, pointing to the Federal Circuit’s strict requirements for mandamus.
The ultimate authority regarding what a statute says and how it applies is the judiciary. The purpose of the “nonap-pealable” provision apparently is to bar interlocutory proceedings and harassing filings by those seeking to immobilize the patent or exhaust the patentee. The bar of interlocutory appeals is routine. However, sensitive scrutiny is required, not blanket enlargement for all circumstances. In Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986) the Court explained that “[f]rom the beginning ‘our cases [have established] that judicial review of a final agency action by an aggrieved person will not be cut off unless there is persuasive reason to believe that such was the purpose of Congress’.” Id. at 670, 106 S.Ct. 2133 (alteration in original) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).
Cuozzo points out that here the PTAB decision relies on arguments that had not been raised in the petition for review, contrary to the requirements of the statute. 35 U.S.C. § 312(a)(3) (the petition must identify the grounds and evidence as to each challenged claim). The panel majority holds that “[t]he fact that the petition was defective is irrelevant because a proper petition could have been drafted.” Maj. op. at 1290. Is this prohibited appellate review of the nonappealable petition? Or simply a curious departure from the fundamental rule of administrative action, that agency decisions must be reviewable on appeal? In Block v. Community Nutrition Institute, 467 U.S. 340, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984), the Court elaborated on the principle of judicial review of agency determinations. The Court summarized:
Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its leg *1293 islative history, and the nature of the administrative action involved.
Id. at 345, 104 S.Ct. 2450.
The statute requires thoughtful adjustment to the legislative purpose, not heavy-handed foreclosure of all review of anything related to the petition.
Conclusion
The America Invents Act has the purpose of “providing quick and cost effective alternatives to litigation.” H.R.Rep. No. 112-98, pt. 1, at 48 (2011), 2011 U.S.C.C.A.N. 67, 78. The PTO is authorized to review the validity of issued patents in accordance with new procedures, to reach the correct decision, but faster, cheaper, and sooner than in the district court. The panel majority fails to implement the statutory purpose.

. See Andrew Williams, PTAB Update — The Board Grants Its Second Motion to Amend (At Least in Part), Patent Docs (Jan. 8, 2015), http ://www.patentdocs. org/2 015/01/ptab-update-the-board-grantsits-second-motion-to-amend-at-least-in-part.html; see also Jennifer E. Hoekel, PTAB Grants First Opposed Motion to Amend Claims — Patent Trial and Appeal Board, The National Law Review (Jan. 14, 2015), http://www.natlawreview.com/article/ ptab-grants-first-opposedmotion-to-amend-claims-patent-trial-and-appeal-board.

. On December 5, 2013, the House passed H.R. 3309, amending section 316(a) to state that in Inter Partes Review "each claim of a patent shall be construed as such claim would be in a civil action to invalidate a patent under section 282(b), including constructing each claim of the patent in accordance with the ordinary and customary meaning of such claim as understood by one of ordinary skill in the art and the prosecution history pertaining to the patent....” H.R.Rep. No. 113-279, at 13-14 (2013). The corresponding Senate bill was reported to have stalled for reasons unrelated to this section. This proposed clarification is further evidence of legislative intent.